Chief Justice Robertson,
delivered the opinion of the court.
James Dillow sued John Wright in re-plevin, for two slavqs. ' Wright pleaded that, as deputy sheriff he levied a fen facias, in his hands, against the estate of Thomas B« Dillon, on the slaves in T. B. Dillon’s possession. ’ The circuit court overruled a Demur rer to this plea; and the plaintiff having failed to reply, judgment was rendered against him.
The judgment mustbe reversed.
The cognizance of the appellee, was insufficient. It does not allege that the slaves were the property of the defendant in the execution, or that he held any interest in them, which could have been subjected to the execution. It does not traverse or deny the perfect and ex- *255 elusive right of the appellant. Every fact in the cognizance may be admitted, and still the appellant may have a right to recover. The fact that T. B. Dillon was in the possession of the slaves, does not necessarily imply that ho had any beneficial interest in them. He might have been the bailee of the appellant; and by the terms of the bailment, the appellant might have been entitled to fthe possession, whenever he should choose to demand it.
Plaintiffin re-plevin cannot fen^nt in^6* execution held adyerse-be not enti-tiedto imme-Posses"
Marshall, and Sanders, for plaintiff; Denny, and Trip-kit, for defendant.
Notwithstanding the allegations of the plea the appellant might have owned the slaves and have been entitled to the possession of them fromT. B. Dillon, as his bailee, at the time the fieri facias was levied on them; consequently the demurrer should have been sustained.'
If T. B. Dillon either owned the slaves or was holding them adversely to the appellant, or was, as his bailee, entitled to the possesion and. use of them, for either á fixed or indefinite period; the appellant will not be entitled to a judgment. In any such case, replevin will not lie. But as the plea has not disclosed any fact;' from which it should be inferred that T. B. Dillon had any right whatever, the court erred in overruling the demurrer.
Wherefore, the judgment is reversed and the cause remanded,w iihinstruction tosustain the demurrer.